Steckler, J.
The defendant is a corporation duly organized and existing under and by virtue of the laws of this State, relating to the incorporation and regulation of telegraph companies.
It appears that, in addition to sending messages by telegraph, the company have established a system of providing messengers to their patrons, for the purpose of speedily conveying communications and replies from one person to another. For this service it received a certain sum, ■depending upon the time occupied by the messenger in performing the service. A messenger, when called for upon the instrument provided by the Company, is sent from its ■office, and, upon responding to the call, receives his instructions'from the person calling for him.
Among the customers of the defendant was the firm of Jacobs Bros., engaged in the tailoring business. On June -2, 1887, Jacobs Bros, rung for a messenger boy from their branch, Flo. 1255 Broadway, and the boy John Hurleigh was sent in response to the call. He received from Jacobs Bros, a bundle containing certain clothes, and was instructed to take them to Mr. W. F. Duckworth, at 301 Fulton Street, Brooklyn, and to get the sum of forty dollars from him or bring back the clothes.
*13 The boy took the bundle and went with it to Mr. Duck-worth, and delivered his message. Mr. Duckworth tried on the clothes and kept such of the articles as suited him,. and tied the others up in a bundle and handed them back to the boy, together with a sealed envelope, telling the boy to to take them back to Jacobs Bros., and that the letter would explain everything. The letter, which is in evidence, explained that the articles returned had not been made to fit as promised, so he returned them, with a check for twenty dollars for the articles retained by him, Jacobs Bros, having already received from him a deposit of ten dollars. The messenger boy returned with the letter and bundle to. Jacobs Bros, and they refused to accept the check or goods.
The clothes, it would appear, were afterwards sent back to Jacobs Bros., and the check held for a certain time by the defendant, and then returned to Mr. Duckworth after due notification to Jacobs Bros.
Jacobs Bros, assigned their claim to the plaintifí, and seek to charge the defendant with the purchase price of the clothing, by endeavoring to hold it to the strict technical liability of a common carrier.
The evidence herein does not satisfy me that the defendant can be held as a common carrier of goods. •
The boy who responded to the plaintiffs call had no authority from the defendant to make a special agreement with Jacobs Bros., to wit: to return the goods or bring the money therefor. It appeared in evidence that when the call was issued by Jacobs Bros., the boy was sent away by them, receiving his instructions from Jacobs Bros., and that the defendant did not know of. his whereabouts until he returned, and that they were entitled to charge Jacobs Bros, for the time during which the boy was engaged in the service assigned him by Jacobs Bros. It cannot be successfully contended that the boy had any authority from the corporation defendant to make the special agreement claimed by Jacobs Bros, herein.
There was no proof that the defendant corporation rati *14 fled this special agreement, nor that they knew of its ■existence.
It was said by Earl, J., in Alexander v. Cauldwell, 83 N. Y. 485, that “everyone knows that corporations are .artificial creations, existing by virtue of law, and organized for purposes defined in their charters; and he who deals with one of them is chargeable with notice of the purpose for which it was formed; and when he deals with agents or ■officers of one of them, he is bound to know their powers and the extent of their authority.”
Corporations like natural persons are bound only by the .acts and contracts of their agents, done and made within the scope of their authority.
The mere fact that at other times boys had delivered ■similar messages for Jacobs Bros., does not make the defendant a common carrier, and, in the case of Breese v. U. S. Telegraph Co., 48 N. Y. 132, 140, it was held that telegraph companies are not subject to the common law liabilities of common carriers. The}' may in one sense be called common carriers, as they are engaged in a public employment, and they arc bound to transmit, for all persons, messages ■delivered to them for that purpose; but it does not follow that they become insurers, like the common, carriers of goods.
The rule of the common law makes a common carrier responsible for the safe carriage and delivery of property entrusted to his care, unless he be prevented by the act of ■Cod or the public enemy.
And if the other view were taken that the defendant was a common carrier of goods, the defendant would not be liable for the additional reason that by the contract signed by Jacobs Bros., in which they agreed to pay the regular charge for messenger service when signalled for, it is conceded that in the service rendered by the boy the charge was not then paid for.
To my mind, the defendant, under the peculiar circumstances of the case, if liable at all, would only be liable for *15 the transportation of the parcel to the place of delivery. The parcel having been delivered to the place directed by the Jacobs Bros., its duty in the premises ceased. Upon all the evidence, I think the defendant is entitled to judgment.